IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH STEWARD, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 21-cv-2573 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| WANDA FIKES, and KWAME RAOUL, | ) | |
| Illinois Attorney General, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Respondent Kwame Raoul's motion to dismiss [11] Petitioner Kenneth Steward's petition for habeas corpus [1] on the ground that the petition is time-barred under the one-year statute of limitations that applies to federal habeas corpus petitions under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). For the reasons stated below, the Court grants Respondent's motion [11], dismisses Petitioner's petition [1], and declines to issue a certificate of appealability. A final judgment shall enter under Federal Rule of Civil Procedure 58. Civil case terminated.

**I.      Background**

On September 12, 2011, Petitioner pleaded guilty in the Circuit Court of Cook County to two counts of theft. Petitioner was sentenced to concurrent seven-year state prison sentences to run consecutively to his federal prison sentence for a criminal conviction involving mortgage fraud. He is now in the custody of Respondent Wanda Fikes, the Warden of Sandstone Federal Correctional Institution in Sandstone, Minnesota.

On October 20, 2011, Petitioner filed an untimely direct appeal, arguing that the Circuit Court of Cook County erred in calculating the number of days of presentence custody credit that

he should be awarded. On January 14, 2012, the Illinois Appellate Court granted Petitioner leave to file a late notice of appeal. On June 17, 2013, the Illinois Appellate Court affirmed his conviction and remanded to the Circuit Court of Cook County to recalculate the correct number of days of presentence custody credit that Petitioner should have been awarded. On November 15, 2013, the Circuit Court of Cook County, on remand, ordered a corrected mittimus to reflect the Petitioner's proper presentence custody credit calculation. Petitioner did not further appeal the Circuit Court of Cook County's corrected mittimus.

On July 14, 2016, Petitioner filed a petition for post-conviction relief in the Circuit Court of Cook County. The Circuit Court of Cook County dismissed Petitioner's petition on October 7, 2016, and Petitioner appealed. The Illinois Appellate Court affirmed on March 20, 2020, and Illinois Supreme Court denied Petitioner's petition for leave to appeal on September 30, 2020.

On May 12, 2021, Petitioner filed this federal habeas petition under 28 U.S.C. § 2254, arguing that (1) his trial counsel was constitutionally ineffective by failing to counsel him that his two concurrent state sentences for theft would run consecutively to his federal sentence for mortgage fraud; and (2) as a result of his trial counsel's ineffectiveness, Petitioner entered an involuntary plea. Respondent Kwame Raoul has moved to dismiss this petition as time-barred.

II.     Analysis

The parties do not dispute that Petitioner has exhausted his available state remedies as required by 28 U.S.C. § 2254(b). The question raised in Respondent's motion is whether the petition should be dismissed as untimely under the one-year statute of limitations for § 2254 petitions set forth in 28 U.S.C. § 2244(d)(1). Section 2244(d)(1) states:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. The limitation period shall run from the latest of —

> (A) the date on which judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). In his petition [1], Petitioner did not allege a state-created impediment to filing, a newly recognized and retroactive constitutional right, or a subsequent discovery of the factual predicate of a claim. See 28 U.S.C. § 2244(d)(1)(B)–(D). Thus, this Court must determine when Petitioner's conviction became final under 28 U.S.C. § 2244(d)(1)(A).

As Respondent notes, the Seventh Circuit has not determined whether under Illinois law a state court's corrected presentence custody calculation constitutes a new judgment of conviction for purposes of § 2244(d) and other circuits have split on the question. Compare *Gonzalez v. Sherman*, 873 F.3d 763, 769 (9th Cir. 2017) (holding that under California law an amended custody credit calculation created a new judgment for § 2244 purposes); with *Osbourne v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1261, 1266–67 (11th Cir. 2020) (holding that under Florida law an amended credit custody calculation did not create a new judgment for § 2244 purposes); and *Freeman v. Wainwright*, 959 F.3d 226, 229–30 (6th Cir. 2020) (holding that under Ohio law an amended credit custody calculation did not create a new judgment for § 2244 purposes). The Court need not wade into this debate to resolve Respondent's motion to dismiss. Even if the Court uses the later-in-time date on which the Circuit Court of Cook County entered a corrected mittimus, Petitioner's petition is still untimely.

Because Petitioner did not file a motion to withdraw his guilty plea, Petitioner's conviction became final thirty days after the Circuit Court of Cook County accepted his guilty plea. See Ill. Sup. Ct. R. 604(d) (allowing the defendant thirty days to appeal after entering a plea of guilty, unless the defendant files a motion to withdraw the guilty plea and vacate the judgment); *People v. Brooks*, 908 N.E.2d 32, 36 (Ill. 2009); see also *Patterson v. Harrington*, 2014 WL 4479937, at *2 (N.D. Ill. Sept. 11, 2014) (where no motion to withdraw guilty plea filed, petitioner's judgment final under § 2244(d)(1)(A) thirty days after entry of plea). Utilizing the date on which the Circuit Court of Cook County entered a corrected mittimus (November 15, 2013), Petitioner's conviction became final thirty days after on December 15, 2013. See Ill. Sup. Ct. R. 604(d). Accordingly, Petitioner had until December 15, 2014 to file a timely habeas petition in this Court. See 28 U.S.C. § 2244(d)(1)(A); *Monroe v. Calloway*, 2016 WL 3181694, at *3 (N.D. Ill. June 7, 2016) (under § 2244(d)(1)(A), time to file timely habeas petition for petitioner who did not file motion to withdraw guilty plea in state court expired one year after last day to file such motion). Thus, the present federal petition—filed in 2021—is years too late.

Despite Petitioner's argument to the contrary [14], Petitioner's 2016 post-conviction petition was filed too late to have any tolling effect or to revive the already-expired limitations period under 28 U.S.C. § 2244(d)(2). Under § 2244(d)(2), the limitations period is tolled during the pendency of a "properly filed" application for post-conviction relief or other collateral review. See *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005). However, between December 15, 2013, when the limitations period began running under § 2244(d)(1)(A), and July 14, 2016, when Petitioner filed his post-conviction petition, approximately two-and-a-half years elapsed. Because the limitations period under § 2244(d)(1) had already expired by the time when Petitioner filed his post-conviction petition, his state post-conviction petition was filed too late to have any tolling

4

effect under § 2244(d)(2). See *Teas v. Endicott*, 494 F.3d 580, 582–83 (7th Cir. 2007) (where time under § 2244(d)(1)(A) has long expired before filing of state post-conviction petition, no collateral review "was pending" in state court and tolling provision under § 2244(d)(2) does not render petition timely).

In short, the applicable one-year limitations period expired before Petitioner filed the instant petition, notwithstanding his attempts to pursue relief in state court. As such, Petitioner's petition is time-barred under § 2244(d)(1).

**III.    Certificate of Appealability**

Under the 2009 Amendments to Rule 11(a) of the Rules Governing Section 2254 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Accordingly, the Court must determine whether to grant Petitioner a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

A habeas petitioner does not have an absolute right to appeal a district court's denial of his habeas petition; instead, he must first request a certificate of appealability. See *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *Sandoval v. United States*, 574 F.3d 847, 852 (7th Cir. 2009). In cases where a district court denies some or all of the requested relief on procedural grounds, the Court should issue a certificate of appealability as to those claims only if the petitioner shows that jurists of reason would find it debatable (1) whether the petition states a valid claim of the denial of a constitutional right, and (2) whether the district court was right in its procedural ruling. See *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). The Court concludes that Petitioner has not shown that

5

reasonable jurists would find it debatable whether the Court was correct in its procedural ruling, as Petitioner's habeas petition is time-barred. Thus, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

## IV. Conclusion

For these reasons, the Court grants Respondent Kwame Raoul's motion to dismiss [11] Petitioner Kenneth Steward's petition for habeas corpus [1] as time-barred under 28 U.S.C. § 2244(d)(1) and declines to certify any issues for appeal under 28 U.S.C. § 2253(c)(2). A final judgment shall enter under Federal Rule of Civil Procedure 58. Civil case terminated.

Dated: September 23, 2022

Robert M. Dow, Jr.
United States District Judge